CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| River Richards, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00443 |
| Jim Priest *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff River Richards, a pretrial detainee proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Richards claims his rights have been violated in connection with his ongoing incarceration that he contends is wrongful. His basic premise is that his criminal record was misrepresented during the course of the criminal proceedings against him (specifically by "forged" documents[1]), which resulted in his incarceration on his current charges without bond. (Dkt. 11 at 5.) Richards faults the judges and Commonwealth's Attorneys involved in his cases for the alleged misrepresentation. Richards submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (Dkts. 2, 4, 5, 9.)

---

[1] Richards included numerous state court documents with his amended complaint. (Dkt. 11 at 7–26.) It appears from these documents and the amended complaint that he contends that the claimed error was that he only had one DUI conviction as an adult instead of the three DUI convictions referenced in his guilty plea agreement that resulted in his 2024 incarceration. He was released in 2025 and re-incarcerated on new charges related to probation violations several days after his release.

While the court finds that Richards qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I.     Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 556 U.S. at 678.

## II.     Analysis

Richards' amended complaint fails to state a claim upon which relief can be granted for numerous reasons. Because Richards' original complaint (Dkt. 1) also was deficient, the court entered an Order that provided Richards an opportunity to file an amended complaint with more information. (Dkt. 10.) The Order advised Richards that he "must state with specificity what each named Defendant did or did not do and how the actions or inactions of each Defendant violated his constitutional or federal statutory rights." (*Id.* at 2.) Richards' amended complaint (Dkt. 11) provides a bit more information about his claims, but it still does not state sufficient facts to indicate any viable claim. The amended complaint names four Defendants: two judges (Hamilton and Elkins) who presided over hearings in his criminal cases and two Commonwealth's Attorneys (Priest and Fellhauer) who prosecuted cases against Richards. The amended complaint specifies that each Defendant is sued in his official capacity. (*Id.* at 3–4.)

Richards' claims against Judges Hamilton and Elkins do not state a claim upon which relief could be granted. District courts lack subject matter jurisdiction to consider such claims against judicial defendants because there exists no justiciable controversy between judges and litigants, when judges act in adjudicatory capacity, as in here. *Frazier v. Prince George's Cnty.*, 140 F.4th 556, 562–63 (4th Cir. 2025). Additionally, Richards specifies that his claims against Judge Hamilton arose in 2022. (Dkt. 11 at 5, 7.) This action was filed in July 2025, more than two

-3-

years after the accrual of the claims. Accordingly, claims against Defendant Hamilton would be time-barred in any event. *Lewis v. Richmond City Police Dept.,* 947 F.2d 733, 735 (4th Cir. 1991) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years). When it is clear from the face of a § 1983 complaint that the plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous. *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 956 (4th Cir. 1995).

Likewise, the non-prospective official-capacity claims against the Commonwealth's Attorneys Priest and Fellhauer do not state a claim upon which relief could be granted. "[I]t is well-settled that in Virginia, the Commonwealth's Attorney, as a constitutional officer, is entitled to Eleventh Amendment immunity." *Kissinger-Stankevitz v. Town of Tappahannock,* 750 F. Supp. 3d 590, 612 (E.D. Va. 2024) (finding a Commonwealth's Attorney was immune from official-capacity claims pursuant to the Eleventh Amendment and dismissing all claims).

Further and independent of the problems specified above with the named Defendants, Richards' amended complaint fails to state a claim upon which relief (including any prospective relief sought) could be granted because the types of claims asserted (i.e., claims challenging the basis for his ongoing state court prosecution and detention) may not, at this time, be asserted as a civil rights action pursuant to Section 1983. His claims are foreclosed by the United States Supreme Court's holding in *Heck v. Humphrey,* which is as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . *a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.*

> *§ 2254*. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis added).

Although *Heck v. Humphrey* involved a challenge to a conviction, its rationale also applies to pretrial detainees such as Richards. *Wiley v. Buncombe Cnty.*, 846 F. Supp. 2d 480, 483–84 (W.D.N.C.), *aff'd*, 474 F. App'x 285 (4th Cir. 2012). In this regard, *Heck* has been held to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge" as well. *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *see also Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995) ("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit.").

Richards' claims in this case are the types of claims that necessarily implicate the potential invalidity of any conviction that might be obtained on the pending criminal charges. As the Fourth Circuit recently summarized:

> Under *Heck*, for certain damages claims having to do with convictions or sentences, "a § 1983 plaintiff must prove that the conviction or sentence has been . . . invalidated." If a plaintiff's "claim for damages" flunks this requirement, then that claim "is not cognizable under § 1983." That is, if a plaintiff cannot show invalidation, we "deny the existence of a cause of action."

*Brunson v. Stein*, 116 F.4th 301, 306 (4th Cir. 2024) (citations omitted), *cert. denied*, 145 S. Ct. 1169 (2025). Accordingly, Richards' claims are barred under *Heck* and must be dismissed at

this time. The dismissal is without prejudice to Richards' right to refile a claim challenging his detention after he satisfies the requirements set forth in *Heck*.

Finally, given the absence of a viable federal claim, the court declines to exercise supplemental jurisdiction over any state-law claims as referenced in Dkt. 11 at page six pursuant to 28 U.S.C. § 1367(c)(3).

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Richards.

**IT IS SO ORDERED.**

**ENTERED** this 30th day of September, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE